**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0062n.06
Filed: January 26, 2005

No. 03-2372

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ALLAN MABBOTT, II,
     *Plaintiff-Appellee,*

                                                     On Appeal from the
           v.                              United States District Court for
                                        the Eastern District of Michigan

THOMAS BLAUVELT AND WILLIAM TYREE,
     *Defendants-Appellants*.

_____/

BEFORE: KENNEDY, MARTIN, AND MOORE, Circuit Judges.

KENNEDY, Circuit Judge.

The Defendants appeal from the district court's order denying their motion for summary judgment, holding that the defendants were not entitled to qualified immunity because genuine issues of material fact existed as to whether a reasonable officer would conclude that probable cause existed to arrest the Plaintiff.

On the evening of April 11, 2002, Michael Bilak and Plaintiff Allan Mabbott roasted hot dogs over a fire and drank beer in Bilak's backyard until about 10:30 p.m. That evening, Officers Blauvelt and Tyree were dispatched to Bilak's residence on a complaint by a neighbor of a loud party involving drinking and a fire. At this point in the background, the facts asserted by the relevant parties diverge. We will first consider Officer Blauvelt's version of the events. Upon arrival at the house, Officer Blauvelt testified that he walked around to the rear of the

1

residence where he saw Bilak running through the rear door stating, "hurry up, it's the cops." Officer Blauvelt then ran around to the front door where, he contends, he saw Bilak and the Plaintiff on the front lawn and ordered them to stop. In contradiction to his orders, Officer Blauvelt asserts, they ran back into the house, and Mabbott closed and locked the door. Officer Blauvelt contends that he ordered Mabbott to open the door, but that Mabbott refused.

Mabbott testified, on the other hand, that the first time he saw any police officers was when Officer Blauvelt was knocking on the front door of the residence with his flashlight, ordering Mabbott to open the door. Thus, he denies that he ever ran onto the front yard or was ordered to stop. He does admit that he did refuse to open the door upon Officer Blauvelt's demand. Bilak also testified that he did not go into the front yard. Moreover, Officer Tyree, who backed up Officer Blauvelt, testified that he did not observe the Plaintiff and Bilak exit the front door.

The Officers' and the Plaintiff's stories re-merge at this point. Since the Plaintiff was having car trouble, after the officers had left, he called for a tow-truck. Once the tow-truck arrived, the Plaintiff went out of the house to meet it. At this point, the officers, who had been waiting down the street, arrested him for "interfering with police duties" by failing to stop when Officer Blauvelt allegedly had ordered him to do so. Thereafter, the Plaintiff filed this Section 1983 claim against those officers who arrested him, alleging that the officers were liable for violating his Fourth Amendment right to be free from unlawful seizures since no reasonable officer could conclude that he had probable cause to arrest the Plaintiff.

The sole basis upon which Officers Blauvelt and Tyree contend that they had probable cause to arrest the Plaintiff is the fact that the Plaintiff allegedly refused to obey Officer

Blauvelt's order to stop when the Plaintiff was first in the front yard. The Plaintiff denies this even occurred. As this is the Defendants' motion for summary judgment, we take the Plaintiff's statements as true. *Smith v. Henderson*, 376 F.3d 529, 533 (6th Cir. 2004). Since the Defendants do not argue that the facts alleged by the Plaintiff fail to support a claim of violation of clearly established law (which is an appealable issue), but rather appear to merely argue that the evidence could not support a finding that the Plaintiff did not run onto the front yard and was not ordered to stop, the district court's denial of summary judgment in this case was not appealable since it was based on the determination that a genuine factual dispute existed as to the merits of the Plaintiff's constitutional claim. *See Johnson v. Jones*, 515 U.S. 304, 313 (1995) (holding that the district court's determination that the record raised a genuine issue of fact concerning petitioners' involvement in the alleged beating of respondent was not an immediately appealable decision).

Accordingly, the appeal is dismissed for want of jurisdiction.